UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

YEKATERINA SKIDANENKO, on behalf of
herself and all others similarly situated,

                      Plaintiff,

        -against-                                      Civ. No.:  20 Civ. 1550 (WFK)

EQUINOX HOLDINGS, INC. and ABC
CORPORATION 1-25 (fictitious parties)

                      Defendant.

-------------------------------------------------------------------X


## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EQUINOX HOLDINGS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT


Noel P. Tripp, Esq.
JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANT*
58 South Service Rd., Ste. 250
Melville, New York  11747
(631) 247-0404

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................**Error! Bookmark not defined.**

PRELIMINARY STATEMENT ........................................................................................... 1

PROCEDURAL HISTORY .................................................................................................. 1

LEGAL ARGUMENT ............................................................................................................ 2

I.     Plaintiff's Complaint Should Be Dismissed Because She Has Failed To State A Claim Under the FLSA. .......................................................................................................... 2

    A.  Plaintiff's Minimum Wage Claim Fails Because She Is Unable To Provide The Court With A Plausible Example Where Defendant Failed To Pay Her The Federal Minimum Wage. .................................................................................... 2

    B.  Plaintiff Fails to Plead an Overtime Claim Because She Does Not Identify A Week or Weeks Where She Worked in Excess of Forty Hours Without Overtime Compensation. ......................................................................................... 3

II.    Plaintiff's Proposed Amendment Is Futile, As Her Proposed Amended Complaint *Still* Fails To Plead A Cause Of Action Under the FLSA ............................................. 5

    A.  Legal Standard Regarding Motion to Amend ......................................................... 5

    B.  Plaintiff's Proposed Amended Complaint Does Not Render Plausible Her Allegation That the *Klinghoffer* Rule Was Violated ............................................... 7

    C.  Plaintiff's Proposed Amended Complaint Also Does Not Cure the Deficiencies in Her Overtime Allegations. .................................................................................. 7

    D.  Documentary Evidence Properly Considered on Plaintiff's Motion to Amend Completely Debunks The Additional Allegations in Plaintiff's Proposed Amended Complaint. ........................................................................................... 9

CONCLUSION ...................................................................................................................... 10

i

# **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Bohnet v. Valley Stream Union Free Sch. Dist. 13*,
  30 F. Supp. 3d 174 (E.D.N.Y. 2014) ...................................................................5, 6

*Bustillos v. Acad. Bus, LLC*,
  2014 U.S. Dist. LEXIS 3980 (S.D.N.Y. Jan. 13, 2014)....................................2, 5, 8

*Butt v. HF Mgmt. Servs., LLC*,
  No. 18-cv-07017 (AMD) (LB), 2020 U.S. Dist. LEXIS 6309 (E.D.N.Y. Jan.
  13, 2020) ........................................................................................................ passim

*Ellis v. Chao*,
  F.3d 114, 126 (2d Cir. 2003)......................................................................................5

*Envtl. Servs. v. Recycle Green Servs.*,
  7 F. Supp. 3d 260 (E.D.N.Y. 2014) (Spatt, J.)...........................................................6

*Fermin v. Las Delicias Persuanas Resti., Inc.*,
  93 F. Supp. 3d 19 (E.D.N.Y. 2015) ...........................................................................2

*Fridman v. GCS Computs. LLC ("GCS")*,
  2019 U.S. Dist. LEXIS 34041 (S.D.N.Y. Mar. 4, 2019) ...........................................6

*Giugliano v. FS2 Capital Partners, LLC*,
  No. 14-cv-7240, 2015 U.S. Dist. LEXIS .................................................................6

*Halebian v. Berv*,
  644 F.3d 122 (2d Cir. 2011)........................................................................................6

*Healthnow New York, Inc., v. Catholic Health Sys., Inc.*,
  No. 14-cv-986S, 2015 U.S. Dist. LEXIS 129656 (W.D.N.Y. Sept. 25, 2015)........................6

*Humphrey v. RAV Investigative & Sec. Servs.*,
  169 F. Supp. 3d 489 (S.D.N.Y. 2016)........................................................................3

*Joza v. WWW JFK LLC*,
  07-CV-4153(ENV)(JO), 2010 U.S. Dist. LEXIS 94419 (E.D.N.Y. Sept. 9,
  2010) ..........................................................................................................................8

*Kuck v. Planet Home Lending, LLC*,
  354 F. Supp. 3d 162 (E.D.N.Y. 2018) .......................................................................5

*Lundy v. Catholic Health Sys. of Long Island, Inc.*,
  711 F.3d 106 (2d Cir. 2013)....................................................................................5, 9

ii

*Oberstein v. SunPower Corp.*,
  No. 07-cv-1155, 2010 U.S. Dist. LEXIS (E.D.N.Y. Apr. 28, 2020) ........................................6

*United States v. Klinghoffer Bros. Realty Corp.*,
  285 F.2d 487 (2d Cir. 1960)...............................................................................................2, 7

**STATUTES**

Fair Labor Standards Act ............................................................................................... passim

New York Labor Law ..............................................................................................................10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)............................................................................................................6

Fed. R. Civ. P. 15(a) ................................................................................................................1

## PRELIMINARY STATEMENT

Plaintiff's original Complaint in this matter fails to state a claim for minimum wage or overtime under the Fair Labor Standards Act ("FLSA").  Plaintiff's proposed amendments include only a few additional vague allegations regarding time worked and compensation paid.  The sole allegation containing the requisite specificity regarding wages paid still requires undue speculation to establish a minimum wage or overtime violation.  Plaintiff's motion to amend should be denied and, regardless of which Complaint is considered, the action should be dismissed, with prejudice as to the FLSA claims and without prejudice as to Plaintiff's other claims.

## PROCEDURAL HISTORY

On August 7, 2020, Defendant served its Motion to Dismiss the original Complaint on Plaintiff pursuant to the established briefing schedule (Minute Order 06/24/2020) and the Court's bundle-filing rule, and respectfully refers the Court to those motion papers[1] for a fuller recitation of the background.[2]  On September 10, 2020, Plaintiff filed a pre-motion conference letter with the Court seeking permission to cross-move to amend the Complaint. (Dkt. 12).  The parties conferred regarding this pre-motion application (Dkt. 13) and, on September 18, 2020, Plaintiff filed on ECF an opposition to Defendant's motion to dismiss, attaching as an exhibit, the Proposed Amended Complaint.  (Dkt. 14, 15).[3]  Defendant now respectfully submits this reply memorandum of law in further support of its original Motion and in opposition to Plaintiff's application to amend. (Dkt. 16).

---

[1] Defendant's Memorandum of Law in support of its Motion to Dismiss dated August 7, 2020 is cited herein as "MOL."

[2] In response to Defendant's pre-motion letter (Dkt. 9) and subsequent motion, Plaintiff did not timely amend as of right pursuant to Fed. R. Civ. P. 15(a).

[3] The proposed Amended Complaint (Dkt. 15 at 21-47) is hereafter referenced as "PAC."

## LEGAL ARGUMENT

I. **Plaintiff's Complaint Should Be Dismissed Because She Has Failed To State A Claim Under the FLSA.**

    A. **Plaintiff's Minimum Wage Claim Fails Because She Is Unable To Provide The Court With A Plausible Example Where Defendant Failed To Pay Her The Federal Minimum Wage.**

As detailed more fully in Defendant's original moving papers bundle-filed herewith, Plaintiff fails to state a claim under the FLSA for failure to pay minimum wage because she has not specifically alleged that her effective rate of pay fell below $7.25/hour under the *Klinghoffer* rule. In her opposition papers, Plaintiff likens her minimum wage allegations to *Fermin v. Las Delicias Persuanas Resti., Inc.*, 93 F. Supp. 3d 19 (E.D.N.Y. 2015). In *Fermin*, the Court, <u>on default</u>, read the complaint and affidavit in support of default together to find the plaintiffs sufficiently plead FLSA minimum wage claims. Using the plaintiffs' affidavits, which expressly state the number of hours worked per week and their weekly compensation, the Court was able to determine their hourly rates by dividing the weekly pay by the number of hours worked in the corresponding week. *Id.*[4] Here, the allegations contained in Plaintiff's Complaint contain no such arithmetic. In her opposition papers, Plaintiff again relies on her bald assertions with respect to minimum wage violations by citing Paragraph 154 of her Complaint, which simply states "[d]efendants failed to pay Plaintiff the minimum wages to which he [*sic*] was entitled under the FLSA." (Compl. ¶ 154).

These vague allegations are exactly the type courts in this Circuit do not accept, as plaintiffs asserting FLSA minimum wage violations must at least provide the Court with an indication that their effective hourly wage fell below the appropriate minimum wage. *Bustillos v. Acad. Bus,*

---

[4] *Fermin* also concerned a scenario where the workers were paid in cash and the defendants failed to require employees to maintain records of hours worked. *Id.* at 43. The court considered this lack of information in finding the plaintiffs sufficiently plead their minimum wage claims, noting the plaintiffs did not have the benefit of paper records to consult. Plaintiff's Complaint here concedes that she was subject to lawful timekeeping policies. (Compl. ¶ 75).

*LLC*, 2014 U.S. Dist. LEXIS 3980 (S.D.N.Y. Jan. 13, 2014); MOL at 4-5 (*citing United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 116 (2d Cir. 2013); *Bonn-Wittingham v. Project OHR, Inc.*, 792 F. App'x 71 (2d Cir. 2019)).

## B. <u>Plaintiff Fails to Plead an Overtime Claim Because She Does Not Identify A Week or Weeks Where She Worked in Excess of Forty Hours Without Overtime Compensation.</u>

As detailed more fully in Defendant's prior moving papers, Plaintiff fails to state a claim under the FLSA for failure to pay overtime because the claim solely is based on generalized boilerplate allegations regarding the number of hours she claims to have "regularly" worked on a given day. To reach Plaintiff's purported conclusion—that she worked more than 40 hours in a workweek without proper overtime, on an "off-the-clock" basis (i.e., outside of the timesheets she submitted)—one improperly needs to speculate that all time Plaintiff spent at Equinox (accepting her allegation that she was there) was compensable work time, that Defendant instructed or otherwise authorized Plaintiff to perform work tasks whenever she was in the facility and that Defendant had constructive knowledge Plaintiff was working on behalf of it whenever she was in the facility, rather than relying on her timesheets.  MOL at 8-9.  Her complaint does not actually contain such specific allegations, instead providing mere general contentions regarding her hours spent in the building and the vague insinuation that she performed extra work during those additional hours.  She provides "a general and conclusory allegation as to the number of hours routinely worked" rather than specifics "whereby the Court can reasonably infer that there was indeed one or more *particular workweek(s)* in which the plaintiff suffered an overtime violation." *Humphrey v. RAV Investigative & Sec. Servs.*, 169 F. Supp. 3d 489 (S.D.N.Y. 2016).

In her opposition to Defendant's motion to dismiss, Plaintiff relies on *Butt v. HF Mgmt. Servs., LLC*, No. 18-cv-07017 (AMD) (LB), 2020 U.S. Dist. LEXIS 6309 (E.D.N.Y. Jan. 13,

2020), to support the notion that both her original and proposed amended Complaint (discussed below) state a claim for overtime under the FLSA.  Plaintiff's reliance on *Butt* is misplaced.  The plaintiffs in *Butt* supported their claims of FLSA overtime violations with detailed allegations regarding the amount of overtime worked (30 to 60 minutes) and the work completed during those overtime hours (finishing sales, assisting and answering questions from current or prospective customers, performing end of the day duties, completing required paperwork and driving to Defendants' offices to drop off completed applications).  *Id.* at \*3.  They were also plaintiffs who worked standard "9:00 to 5:30" shifts and alleged post-shift overtime work.  Ex. A ¶ 48.[5]  Allowing the claim in *Butt*, the court relied on the fact that the plaintiff specifically described "how he spent those [overtime] hours fulfilling his primary work duties."  *Butt*, 2020 U.S. Dist. LEXIS 6309 at \*7.  Further, the *Butt* plaintiffs alleged the defendants told them to give their cell phone numbers to prospective customers.  *Id.*  Notably, the *Butt* plaintiffs further asserted the defendants even printed the plaintiffs' personal cell phone numbers on their business cards, suggesting the defendants could have or should have been aware of the plaintiffs working in excess of forty hours per week. (*Id.* at \*3; Ex. A ¶ 53).

In the present case, Plaintiff first alleges she "consistently worked more than 40 hours per week." (Compl. ¶¶ 19, 145).  Plaintiff does not specify in which week or weeks she worked more than 40 hours or how many hours over 40 she worked in any particular week. Plaintiff also is unable to point to any facts tending to suggest Defendant had any knowledge of her working beyond her scheduled and contemporaneously reported work hours. Plaintiff cannot make such general and conclusory allegations as to the number of hours "routinely" worked and survive a

---

[5] Citations to "Ex. __" refer to the Affirmation of Noel P. Tripp ("Tripp Aff.") submitted with this Reply.  The Amended Complaint in *Butt* is Exhibit A.

motion to dismiss. *Bustillos*, 2014 U.S. Dist. LEXIS 3980, at *11-14 (*citing Lundy, DeJesus* and *Nakahata)*.

Similar to her misplaced reliance on *Butt*, Plaintiff's reliance on *Kuck v. Planet Home Lending, LLC*, 354 F. Supp. 3d 162 (E.D.N.Y. 2018) also undermines her position. In *Kuck*, which also involved office workers alleging a regular schedule, the plaintiffs identified specific periods of time where they worked over 40 hours per week and the number of overtime hours worked, *id* at 168, as opposed to Plaintiff, who claims only that she "consistently" or "on average" worked more than 40 hours per week (Compl. ¶¶ 19, 145).

As discussed below, even Plaintiff's proposed amended pleading fails to state a claim under *Lundy, Dejesus* and *Nakahata*, as the proposed amendment still fails to allege the number of overtime hours worked in any given week, still fails to describe with specificity her overtime activities, and is premised on her fact-starved allegations regarding "working" during times she acknowledges she was not scheduled or instructed to work, and did not report as work.

**II.** **Plaintiff's Proposed Amendment Is Futile, As Her Proposed Amended Complaint *Still* Fails To Plead A Cause Of Action Under the FLSA.**

   **A.  Legal Standard Regarding Motion to Amend**

It is well established that leave to amend a complaint need not be granted when amendment would be futile. *Ellis v. Chao*, F.3d 114, 126 (2d Cir. 2003) (*citing Forman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed amendment to a pleading is futile if the amended pleading fails to state a claim, or would be subject to a successful motion to dismiss on some other basis. *Bohnet v. Valley Stream Union Free Sch. Dist. 13*, 30 F. Supp. 3d 174, 178-79 (E.D.N.Y. 2014) (*citing Kirk v. Heppt*, 423 F. Supp. 2d 147, 149 (2d Cir. 2006)) (*citing Oneida Indian Nation of New York v. City of Sherril*, 337 F. 2d 139, 168 (2d Cir. 2003)). This Court has found plaintiffs' requests to amend their complaints futile and has denied leave to amend when the proposed amendments fail

-5-

to allege sufficient facts to support a cause of action.  *See*, *e.g.*, *Valley Stream Union Free Sch. Dist. 13,* 30 F. Supp. at 12 (deeming the plaintiff's proposed amended complaint futile and denying her motion to amend where the proposed amended complaint lacked allegations that would aid in stating a cause of action).

While a court is generally prohibited from considering "materials outside the four corners of the complaint," *Halebian v. Berv,* 644 F.3d 122, 130 n.7 (2d Cir. 2011), "federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion," *Giugliano v. FS2 Capital Partners, LLC*, No. 14-cv-7240, 2015 U.S. Dist. LEXIS (E.D.N.Y. Sept. 1, 2015 (Spatt, J.). The Court may consider:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents "integral" to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in [the] defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Envtl. Servs. v. Recycle Green Servs*., 7 F. Supp. 3d 260, 270 (E.D.N.Y. 2014) (Spatt, J.) (quoting *In re Merrill Lynch & Co*., 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003)), aff'd in part and vacated in part on other grounds sub nom. *Dabit v. Merrill Lynch, Pierce, Fenner & Smith*, Inc., 395 F.3d 25 (2d Cir. 2005), vacated on other grounds, 547 U.S. 71, 126 S. Ct. 1503, 164 L. Ed. 2d 179 (2006); *accord Healthnow New York, Inc., v. Catholic Health Sys., Inc.,* No. 14-cv-986S, 2015 U.S. Dist. LEXIS 129656 (W.D.N.Y. Sept. 25, 2015); *Oberstein v. SunPower Corp.*, No. 07-cv-1155, 2010 U.S. Dist. LEXIS (E.D.N.Y. Apr. 28, 2020).  Courts have specifically considered basic wage-and-hour related records where incorporated by reference in FLSA complaints.  *Fridman v. GCS Computs. LLC ("GCS")*, 2019 U.S. Dist. LEXIS 34041 (S.D.N.Y. Mar. 4, 2019).

-6-

**B.** **Plaintiff's Proposed Amended Complaint Does Not Render Plausible Her Allegation That the *Klinghoffer* Rule Was Violated.**

Plaintiff's PAC does not plausibly allege that her effective wage rate ever fell below $7.25 per hour (under the *Klinghoffer* rule), because her single more specific allegation still requires undue speculation.[6]

The PAC identifies two specific weeks relating to this claim in that she alleges that "in the last two weeks of September, Plaintiff was paid a total [sic] $930.55, making her effective wage rate $7.15." (PAC ¶ 150). But this arithmetical conclusion is built, not only on the unsupported generalization that "Plaintiff worked sixty to sixty five hours (or more) a week" (*Id*. ¶¶ 147-8), but also on the premise that she worked the maximum number of hours in that range in one or both of the two weeks identified. Only by (1) accepting that allegation as sufficient (which the Court should not do, as discussed *infra* at subsection C); (2) assuming it applies to this specific two week period (even though Plaintiff does not specifically so allege), *and* (3) assuming that Plaintiff worked her "maximum" of 65 hours in *both* weeks ($930.55/130 = $7.16/week), does one arrive at Plaintiff's conclusion.[7] Notwithstanding, Defendant's time and attendance records demonstrate Plaintiff worked nowhere near this amount of time and was paid in compliance with the federal minimum wage (and the New York minimum wage) for all time worked. Ex. B.

**C.** **Plaintiff's Proposed Amended Complaint Also Does Not Cure the Deficiencies in Her Overtime Allegations.**

As with her overtime claims in the original Complaint, Plaintiff's amended overtime claims fail to meet the recognized FLSA pleading standard. Again, a properly pled FLSA overtime claim

---

[6] The additional allegations in the PAC are simply additional conclusory allegations that Plaintiff worked a certain number of hours each and every week, and that her wage rate fell below the applicable federal and state minimum wages. PAC ¶¶ 147-9. They contain no specific facts.

[7] Indeed, even if Plaintiff worked sixty-four hours in each of the weeks in this single identified biweekly period (which is expressly denied), she would not state a claim: $930.55 ÷ 2 = $465.28. $465.28 ÷ 64 hours = $7.27/hour.

must be based on "sufficient factual allegations . . . rather than a general and conclusory allegation as to the number of hours 'routinely' worked whereby the Court can reasonably infer that there was indeed one or more particular workweek(s) in which the plaintiff suffered an overtime violation." *Bustillos*, 2014 U.S. Dist. LEXIS 3980, at *11.

Plaintiff amends her overtime claims by adding an allegation that "[o]n weekends, [she] again was on the floor performing the same tasks that she did during floor shifts" and that, with the exception of floor sessions, training at Equinox Fitness Training Institute ("EFTI"), meetings and personal training session, "[t]he remainder of the hours plaintiff worked were uncompensated." PAC ¶¶ 106-07. Beyond her general claim of working "sixty to sixty-five hours (or more) per week," Plaintiff fails to identify a week where she *worked* throughout this alleged "remainder" time, or to provide any more specifics (as the plaintiffs in *Butt* did) regarding specific overtime work, let alone what work tasks she was allegedly performing during this supposed "remainder" time.

Again, it is not enough for an employee in this context (who had free access to the facility) to allege that she was "on the floor" where, to the naked eye, such purported "work" would be indistinguishable from her exercising personally, or recreating with friends and/or colleagues, or simply coming and going. Plaintiff concedes that Defendant tracked her work activities (including her training time, sessions she conducted, and scheduled paid floor time) and compensated her accordingly. MOL at 8; PAC ¶¶ 144-5. Defendant was not required to read the "tea leaves"[8] to parse through such alleged additional floor time, particularly where it allowed Plaintiff to possess a membership to utilize the facility as a patron during otherwise nonworking hours, and where

---

[8] *Joza v. WWW JFK LLC*, 07-CV-4153(ENV)(JO), 2010 U.S. Dist. LEXIS 94419, at *11-12 (E.D.N.Y. Sept. 9, 2010).

Plaintiff's after-the-fact allegations contradict the contemporaneous records made during her employment, on which she understood her compensation was based.

Simply put, Plaintiff cannot—as she has in her PAC—claim she worked "sixty to sixty-five hours (or more) per week" or that the "remainder of hours [she] worked were uncompensated" and survive a motion to dismiss.  (PAC ¶¶ 106-07.)  Those barebones allegations fail to meet the FLSA pleading standard recognized in *Lundy, Dejesus* and *Nakahata* (and fail to meet even the standards articulated in *Butt*, on which Plaintiff relies).  Because Plaintiff remains unable to identify any specific weeks during which she purportedly worked more than forty hours, the specific number of overtime hours she supposedly worked, or the tasks performed during those alleged hours, her FLSA claims should be dismissed.

> **D.  Documentary Evidence Properly Considered on Plaintiff's Motion to Amend Completely Debunks The Additional Allegations in Plaintiff's Proposed Amended Complaint.**

Even if the Court found Plaintiff's amended allegation of a minimum wage violation based on the single identified period sufficient on its face, straightforward documentary evidence integral to the Complaint rebuts it.  Plaintiff's estimate of hours worked "each week" includes the paid work she identifies in her Complaint as occurring each workweek.  Thus, if the amount of such paid work was less that than amount alleged, her total hours for that week are fewer.  For example, as part of her conclusory allegation of sixty to sixty-five hours of work, Plaintiff alleges "approximately" five floor shifts per week (PAC ¶ 111) of three hours each (PAC ¶ 69), for a total of 30 hours per biweekly period (3 x 5 x 2).  However, Equinox's records for the single period she identifies unequivocally reflect fewer hours than that.  Tripp Aff. ¶ 4; Ex. B (24.5 Floor hours).  Similarly, she alleges 8-12 hours per week in EFTI sessions (PAC ¶ 112, reflecting 4-6 two-hour

sessions per pay period), and Ex. B confirms that in the single pay period identified, she was at the bottom of that range.[9]

This discrepancy *alone* confirms that Plaintiff did not work her conclusory maximum hours during the weeks in the lone pay period she identifies in her PAC, undermining her strained assertion that she has properly alleged that her compensation fell below $7.25.  Plaintiff was paid for all work activities in accordance with the compensable tasks identified in the Complaint, at rates well above the applicable minimum wage, as Ex. B reflects.  Plaintiff was not directed to work in excess of these hours and was not required to be present at Equinox in excess of these hours.  While Plaintiff's amendment purports to provide more specifics, even cursory scrutiny of the single additional specific allegation she asserts sounds the death knell to her PAC under the FLSA pleading standards in this Circuit.

## CONCLUSION

For the foregoing reasons, Defendant respectfully submits that this Court should grant Defendant's Motion to Dismiss the Complaint and deny Plaintiff's request to amend.  In the absence of federal question jurisdiction, the Court should abstain from exercising pendent jurisdiction over Plaintiff's New York Labor Law claims and dismiss this action.

---

[9] This documentation also reflects that Plaintiff worked a *total* of 36.57 non-session hours during the two-week period, along with $382 in session compensation.  Tripp Aff. ¶ 4 and Ex. B.  The $382 equates to approximately 14.69 hours of session time in the two weeks based on the $26/hour rate alleged in the PAC (¶ 145), for a total of 51.26 hours in the two-week period, or 25.63 hours per week.  Thus, Plaintiff's unsupported allegation is that she worked 35-40 additional uncompensated hours in each of those weeks.  She should be required – and courts in this Circuit require her – to provide more specificity regarding what that work entailed.

Dated: Melville, New York
      October 23, 2020

Respectfully submitted,

JACKSON LEWIS P.C.
*ATTORNEY FOR DEFENDANT*
58 South Service Rd., Ste. 250
Melville, New York  11747
(631) 247-0404

By:   *Noel P. Tripp*
       NOEL P. TRIPP, ESQ.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of October 2020, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service and via electronic mail upon the following parties and participants:

JACOB ARONAUER, ESQ.
*ATTORNEYS FOR PLAINTIFF*
THE LAW OFFICES OF JACOB ARONAUER
225 Broadway, Ste. 307
New York, New York 10007
**jaronauer@aronauerlaw.com**

*Noel P. Tripp*
NOEL P. TRIPP, ESQ.

4828-3380-8078, v. 5

-12-