The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

April 16, 2021

**Via ECF**
Hon. William F. Kuntz, II
United States District Court
Eastern District of New York
Brooklyn, NY 11201

Re:   *Skidaneko v. Equinox Holdings, Inc. et al.*
      20-cv-01550 (WFK) (RLM)

Dear Judge Kuntz:

This office represents Plaintiff Yekaterina Skidanenko ("Plaintiff") in the above captioned matter. This letter is in response to Defendants' decision to supplement (without permission) their motion to dismiss the complaint (dkt 31). I find it unfortunate that this application was made than six months after the motion to dismiss was fully briefed.

Defendants' request that the Court review two additional cases in support of their motion to dismiss. These two cases are *Limauro v. Consol. Edison Co. of N.Y., Inc.*, 2021 U.S. Dist. LEXIS 62519 (Mar. 31, 2021) and *Mendoza v. Cornell Univ.*, 2021 U.S. Dist. LEXIS 44937 (Mar. 10, 2021), respectively. For the reasons set forth below, both of these cases are not analogous to the facts at hand.

In both *Limauro* and *Mendoza*, the plaintiff previously had an opportunity to amend the complaint. Here, in contrast, Plaintiff has not yet had an opportunity to amend her complaint.

In *Limauro*, the plaintiff did not allege with the required specificity that she worked more than 40 hours a week. Specifically, in *Limauro*, the plaintiff alleged that his normal shift was 7 am to 3:30 pm Monday

through Friday but that he regularly worked more hours by coming in early and staying late. *Limauro*, 2021 U.S. Dist. LEXIS 62519, at * 2. Ultimately, though, the plaintiff failed to specify "as to when he was required to work more than forty hours a week or the frequency in which he did so." Id. Here, in contrast, Plaintiff alleges that she arrived at work between 5:30 and 8am and left at 9pm. *See* the Complaint at ¶104 (dkt 001).

*Mendoza* is also not analogous to this matter. In *Mendoza*, with the exception of a single week, the plaintiff did not allege facts that she worked in excess of a single week (and for that week she was compensated for 43 hours). *Mendoza*, 2021 U.S. Dist. LEXIS 44937, at * 5. Rather, the plaintiff only alleged that in a standard workweek she would "actually work 39 to 40 hours but be paid for only 35." Id. As noted by Judge Vyskocil, in order to bring a claim under the FLSA for unpaid overtime, the plaintiff must allege with specificity the overtime hours worked. Id. Ultimately, the Court noted that the plaintiff's claims were "largely conclusory." In contrast, here, Plaintiff alleges in great specificity how she worked more than 40 hours a week. *See* ¶¶ 103-119 of the Compl. (dkt 001).

We requested that the Court take judicial notice of a separate lawsuit filed against Defendant Equinox. After this lawsuit was filed and the motion to dismiss fully briefed, Equinox was sued in the Southern District of New York for unpaid wages by a former trainer, *Katz v. Equinox Holdings, Inc.*, 20-cv-09856 (VEC). The *Katz* complaint is annexed. Since *Katz* has been filed, four former trainers of Equinox have filed consent to join forms under the FLSA Collective statute. Dkt 20, 22-24. Tellingly, even though Equinox is also represented by Noel Tripp of Jackson Lewis, in *Katz* Equinox has not filed a motion to dismiss. As discussed in Plaintiff's complaint, the reality is that Equinox has a history of requiring their trainers to work uncompensated time. *See* Compl. at ¶57.

                                              Respectfully submitted,

                                              <u>/s/ Jacob Aronauer</u>
                                              Jacob Aronauer
                                              *Attorney for Plaintiff*

**<u>Via ECF</u>**
*All Attorneys on Record*