```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YEKATERINA SKIDANENKO,                            :
on behalf of herself and all others               :
similarly situated,                               :
                                                  :
                       Plaintiff,                 :
                                                  :         DECISION & ORDER
               v.                                 :         20-CV-01550 (WFK) (RLM)
                                                  :
EQUINOX HOLDINGS, INC. and                        :
ABC CORPORATION 1-25 (fictitious parties),        :
                                                  :
                       Defendants.                :
-----------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

Yekaterina Skidanenko ("Plaintiff"), on behalf of herself and all others similarly situated, brought this action alleging her former employer, Equinox Holdings ("Defendant"), violated the Fair Labor Standards Act and the New York Labor Law by—among other things—paying her below the minimum wage and denying her overtime pay for work in excess of forty hours per week. ECF No. 1. Defendant Equinox Holdings moved to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 18, 19. For the reasons stated below, Defendant's motion is DENIED.

## BACKGROUND

For the purposes of this Rule 12(b)(6) motion to dismiss the Court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *ECA, Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009). The Court considers only "facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quotation marks and internal alterations omitted).

Equinox Holdings, Inc. ("Defendant") is an American luxury fitness company. First Amended Complaint ("FAC"), Ex. B to the Aronauer Declaration, ECF No. 14, ¶ 47. Yekaterina

1

Skidanenko ("Plaintiff") was a personal trainer from on or about July 22, 2019 until January 2020, *id.* ¶ 15–16, at the Brooklyn Heights Equinox location, *id.* ¶ 94. For the first four weeks of Plaintiff's employment, Plaintiff was in an Equinox training program and was paid the New York minimum wage of $15.00 per hour. *Id.* ¶¶ 100–01. After her training program, Plaintiff began working as a Tier I personal trainer. *Id.* ¶ 102. As a Tier I trainer, Plaintiff was paid $26.00 per hour for her training sessions. *Id.* ¶ 145. Additionally, Plaintiff was paid the New York State minimum wage of $15.00 per hour for her other duties, which included floor shifts, training hours, and team meetings. *Id.* ¶ 144.

Plaintiff usually worked at Equinox seven days per week. *Id.* ¶ 103. On weekdays, Plaintiff usually arrived at work between 5:30 A.M. and 7:00 A.M. and would leave, on average, at 9:00 P.M., though on some occasions she would stay as late as 11:00 P.M. *Id.* ¶ 104. During the week, Plaintiff alleges she would work a minimum of ten hours a day. *Id.* ¶ 105. On weekends, Plaintiff would usually arrive at 7:00 A.M. and would leave between 1:00 P.M. and 3:00 P.M. *Id.* ¶ 106.

Plaintiff maintains that she was only paid for a portion of her labor at Equinox, namely for floor sessions, Equinox Fitness Training Institute ("EFTI") meetings, and personal training sessions. *Id.* ¶ 107. Plaintiff alleges she was not paid for most hours of her employment, which included recruiting personal training clients for Equinox, designing training programs for those clients assigned to her, and traveling to and from EFTI courses in Manhattan. *Id.* ¶ 15.

Additionally, Plaintiff alleges she lacked control over her training schedule and her weekly floor shifts, which resulted in Plaintiff often remaining on the Equinox premises during the day. *Id.* ¶ 130. Even though trainers were not paid for being on the floor while "off the clock," Equinox encouraged trainers to be on the floor (and in uniform) both before and after

2

their assigned floor shifts, so that trainers could continue to solicit business from customers and otherwise perform duties associated with floor shifts. *See id.* ¶ 72–78; *see also id.* ¶ 84 ("At the EFTI meetings, Equinox would remind trainers the importance of being out on the floor as much as possible to obtain new clients."); *id.* ¶ 132 ("... Plaintiff was encouraged to spend more time preparing for her personal training sessions (unpaid labor) and more time recruiting new personal training clients on behalf of Equinox (unpaid labor)....").

As a result, Plaintiff alleges her effective pay rate was less than the Federal minimum wage and the New York State minimum wage. *Id.* ¶ 148–49. For example, in the last two weeks of September, Plaintiff was paid a total of $930.55, for an effective wage rate of $7.15 per hour. *Id.* ¶ 150.

On March 25, 2020, Plaintiff filed a complaint on behalf of herself and all other similarly situated personal trainers to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL"). FAC. Additionally, Plaintiff made the following claims under the NYLL: (1) unpaid spread of hours wages; (2) failure to provide wage statements; and (3) failure to pay earned wages. *Id.*

## DISCUSSION

### I. Plaintiff's Motion to Amend the Complaint is Granted.

On September 10, 2020, Plaintiff moved to amend the complaint in this case, "to include more factual allegations with respect to her wage rate and the number of hours routinely worked in a week with respect to her overtime claims." ECF No. 12. A party may amend its pleading with the Court's leave. *See* Fed. R. Civ. P. 15(a). Whether to grant leave to amend is a decision squarely within the district court's discretion. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538,

3

554 (2010). A court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a), and "[a]mendments are generally favored because they tend to facilitate a proper decision on the merits." *Johnson v. Landmark Hosp. LLC*, 14-CV-6839, 2016 WL 843286, at *2 (E.D.N.Y. Mar. 1, 2016) (Mauskopf, J.) (citing *Blaskiewicz v. Cty. of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998) (Boyle, Mag.)). "If the movant has at least colorable grounds for relief, justice . . . requires that the court grant leave to amend the complaint." *Alkhatib v. N.Y. Motor Group, LLC*, 13-CV-2337, 2015 WL 3507340, at *7 (E.D.N.Y. June 3, 2015) (Gold, Mag.). As discussed below, the Plaintiff has colorable grounds for her proposed amendments, which set forth facts that may entitle her to relief from minimum wage violations. *See Infra* III. Plaintiff's Minimum Wage Claim at 5–6. Accordingly, the Court hereby GRANTS Plaintiff's request to file an amended complaint and will evaluate Defendant's motion to dismiss as a motion to dismiss the amended complaint. *See* FAC, ECF No. 14.

## II.     Standard of Review for Defendant's Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). To establish facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The standard is "not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citations and quotations omitted). In deciding a motion to dismiss, district courts must "assess the legal feasibility of the complaint, not . . . assay the weight of the evidence which might be offered in support thereof."

*DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (internal citation and quotation marks omitted). The Court must "accept[ ] all factual allegations in the complaint as true, and draw[ ] all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Nonetheless, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

### III. Plaintiff Adequately Pleads a Minimum Wage Claim under the FLSA.

Plaintiff maintains that Defendant failed to pay minimum wages, to which Plaintiff was entitled under the FLSA. FAC, ¶¶ 156–63. The federal minimum wage is $7.25 an hour. U.S.C. § 206(a)(1)(c). An employee bringing an action for unpaid minimum wages under the FLSA and the NYLL "has the burden of proving that he performed work for which he was not properly compensated." *Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 674 (S.D.N.Y. 2011) (Owens, J.). A plaintiff can satisfy this requirement by "set[ting] forth timelines of their work schedules (both in terms of days per week and hours per day worked) and the corresponding pay rates." *Fermin v. Las Delicias Peruanas Restaurants, Inc.*, 93 F. Supp. 3d 19, 42 (E.D.N.Y. 2015) (Mauskopf, J.). Should a plaintiff fail to allege the "actual rate of pay . . . or his total numbers of hours worked per week," his minimum wage claim will not survive a motion to dismiss. *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 506 (S.D.N.Y. Oct. 28, 2013) (Sweet, J.) (applying FLSA standard to NYLL claim). In the instant case, Plaintiff alleges—"[b]y way of example"—that she was paid an effective hourly rate of $7.15 for the last two weeks of September. FAC ¶ 150. She further maintains that this was representative of her typical income, *id.* ¶ 148, and that she typically "worked sixty to sixty five hours (or more) a week," *id.* ¶ 147. Accepting all factual allegations as true and drawing all inferences in favor of the non-moving party, Plaintiff has plausibly alleged that she was paid on average less than the minimum wage as

5

provided for by the FLSA. To the extent Defendant argues that documentary evidence rebuts Plaintiff's allegations, they are free to renew these arguments in a motion for summary judgment after the parties have had the benefit of discovery. *See* Def. Reply, ECF No. 20 at 9–10. Accordingly, Defendant's motion to dismiss this claim is hereby DENIED.

### IV. Plaintiff Adequately Pleads her Overtime Violations Claim under the FLSA.

Plaintiff additionally maintains that "Defendant failed to pay Plaintiff one and one-half times the regular hourly rate of pay for overtime work as required by the FLSA. Complaint, ¶¶ 166–170. Under both federal and New York law, employees who work more than forty hours a week must be compensated for any additional hours at a rate of at least one and one-half times their regular hourly wage. *See* 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.110(a); 12 N.Y.C.R.R. § 146-1.4. "To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013). The amount of detail necessary is "context-specific," and "requires the reviewing court to draw on its judicial experience and common sense." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679). A plaintiff meets these requirements when: (1) they allege the hours assigned in a given week; (2) the allegations of overtime push the total number of hours work beyond forty hours in a given week; and (3) they provide factual content and context to make these allegations plausible. *Butt v. HF Mgmt. Servs. LLC*, 18-CV-07017, 2020 WL 207393 (E.D.N.Y. Jan. 14, 2020) (Donnelly, J.) (referencing *Nakahata*, *Lundy*, and *DeJesus v. HF. Mgmt. Servs. LLC*, 726 F.3d 85 (2d Cir. 2013)).

In the instant case, Plaintiff has adequately pled her FLSA overtime claim. The

6

Complaint details Plaintiff's weekly schedule, which involved working seven days per week for a minimum of ten hours a day. FAC ¶¶ 103–104. During weekdays, Plaintiff claims to have worked between fifteen hours and seventeen and a half hours per day, *id.* ¶ 104 ("On weekdays, Plaintiff usually arrived at work between 5:30am and 7am, and would leave on average at around 9 pm. Sometimes though, Plaintiff would stay as late as 10pm or 11pm"), while working an additional six to eight hours per day on the weekends, *id.* ¶ 106 ("On weekends, Plaintiff would usually arrive at 7am and would leave between 1 pm and 3pm"). These allegations provide factual context and support to Plaintiff's claim that she worked over forty hours per week. Moreover, Plaintiff maintains she was not compensated for much of the time she spent working at Equinox, including while Plaintiff attended mandatory trainings, performed her usual floor shift duties while "off the clock," and while preparing for training sessions. Taken together, these allegations provide sufficient detail to demonstrate that Plaintiff not only worked more than forty hours per week at Equinox but also was not compensated at one and one-half times her regular rate as required by the FLSA.

      Defendant maintains this Court should dismiss Plaintiff's overtime claim—even if Plaintiff has plausibly alleged she was not appropriately compensated for overtime—because she has not demonstrated that Equinox "had actual or constructive knowledge of that work." Def.'s Mem., ECF No. 19 at 8 (citing *Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 361 (2d Cir. 2011)). However, the "*prima facie* case for wage and overtime violations does not require demonstrating employer knowledge." *Bonn-Wittingham v. Project O.H.R. (Office for Homecare Referral), Inc.* 16-CV-541, 2016 WL 7243541, at * 10 (E.D.N.Y. 2016) (Ross, J.). FLSA overtime plaintiffs are not required to plead employer knowledge and Defendants arguments are better suited for a motion for summary judgment. *See Butt*, 2020 WL 207393 at *3 (rejecting

7

similar argument in a parallel case).

As with Plaintiff's minimum wage claims, Defendant is free to present any factual rebuttals on summary judgment. Accordingly, Defendant's motion to dismiss Plaintiff's overtime claim is hereby DENIED.

### V.     The Court Retains Supplemental Jurisdiction Over the NYLL Claims.

Plaintiff's remaining state claims against Defendant is not dismissed. Defendant argues that a district court "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The Second Circuit has held that "a district court may not decline to exercise supplemental jurisdiction over state law claims where federal claims remain against other defendants and the state law claims 'form part of the same case or controversy.'" *Mejia v. Davis*, 16-CIV-9706, 2018 WL 333829, at *6–7 (S.D.N.Y. Jan. 8, 2018) (Woods, J.) (emphasis added) (quoting *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002)); *see also Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004) (stating that a federal court has supplemental jurisdiction over a state law claim that forms part of the same controversy as a federal claim "even if the state law claim is asserted against a party different from the one named in the federal claim"). Here, the state law claims "derive from a common nucleus of operative fact[s]" of the federal claims—namely the conditions of Plaintiff's employment at Equinox. *Briarpatch*, 373 F.3d at 308 (citation omitted). Accordingly, they form part of the same case or controversy and will not be dismissed at this stage of the litigation. Defendant's motion to dismiss Plaintiff's state law claims is hereby DENIED.

### CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is hereby DENIED. ECF

Nos. 18, 19.  The Clerk of Court is respectfully directed to close the pending motions at ECF Nos. 18 and 19.

**SO ORDERED.**

Dated: June 29, 2021
   Brooklyn, New York

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE